IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEDEFIS, INC.,<br><br>       Plaintiff,<br><br>vs.<br><br>ATLAS MEDSTAFF LLC, SILVER CUP FUNDING LLC, HMF CAPITAL GROUP, INC., and P2BINVESTOR, INC.,<br><br>       Defendants. | 8:19CV377<br><br>ORDER TO SHOW CAUSE |

  Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

  Plaintiff filed this action on August 27, 2019. (Filing No. 1). More than 90 days has elapsed since the Complaint was filed. To date, Plaintiff has not filed any return of service indicating service on defendant Silver Cup Funding LLC, a waiver of service has not been filed, and Silver Cup Funding LLC has not entered a voluntary appearance. Accordingly, Plaintiff must show cause why this case should not be dismissed as to defendant Silver Cup Funding LLC pursuant to Fed. R. Civ. P. 4(m).

  Additionally, on November 1, 2019, this Court entered an Order permitting counsel for P2Binvestor, Inc., to withdraw from his representation of P2Binvestor, Inc. (Filing No. 32). The Order informed P2Binvestor, Inc., that it cannot appear unrepresented in this court without licensed counsel. See *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). Therefore, the Court ordered P2Binvestor, Inc. to obtain the services of new counsel and have that counsel enter an appearance on its behalf on or before December 2, 2019. Counsel did not enter an appearance for P2Binvestor, Inc.[1] by that deadline. The Court warned P2Binvestor, Inc. that, "If substitute counsel does not enter

---

[1] In reviewing proposed intervenor P2Bi Holdings LLC's filings (Filing No. 37-39, 42), P2Bi Holdings LLC represents "it has acquired substantially all of the assets of P2Binvestor, Inc." and that "P2Binvestor, Inc. is no longer conducting business as a going concern and has or will soon begin the process of winding down its affairs." However, counsel for P2Bi Holdings LLC only seeks to intervene on behalf of P2Bi Holdings LLC, and did not enter an appearance on behalf

an appearance on behalf of P2Binvestor, Inc., by that date, the Court may file an entry and/or judgment of default against it without further notice." Accordingly,

**IT IS ORDERED**:

1. Plaintiff shall have until **December 17, 2019**, to show cause why this case should not be dismissed as to defendant Silver Cup Funding LLC pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this order may result in dismissal of this action as to those defendants without further notice; and

2. On or before **December 17, 2019,** licensed counsel must enter an appearance on behalf of P2Binvestor, Inc. If substitute counsel does not enter an appearance on behalf of P2Binvestor, Inc., by that date, the Court will recommend dismissal of P2Binvestor, Inc. as a party, recommend entry and/or judgment of default against it, and recommend dismissal of P2Binvestor, Inc.'s Counterclaim. See *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994).

Dated this 3rd day of December, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

of P2Binvestor, Inc., which as of this date remains a separate party defendant and party counter-claimant. Therefore, P2Binvestor, Inc. must independently be represented by counsel. If P2Bi Holdings LLC is the proper defendant/counter-claimant to this action, and if P2Binvestor, Inc. no longer needs to be a party to this action, a motion for leave to amend the complaint and/or a motion to substitute may be the appropriate course of action.